**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO EDWIN PIRIR-CHITAY, | No.   19-70536 |
| Petitioner, | Agency No. A071-583-933 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Pablo Edwin Pirir-Chitay, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying Pirir-Chitay's motion to reopen as untimely and number-barred where the second motion to reopen was filed more than four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where Pirir-Chitay failed to demonstrate a material change in country conditions in Guatemala to qualify for an exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 990-91 (BIA did not abuse its discretion where evidence of general country conditions was not material to petitioner's claim).

To the extent Pirir-Chitay contends that he fears harm on account of his family membership or his mother's opposition to gangs, we lack jurisdiction to consider these contentions because Pirir-Chitay failed to present them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**